IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DEC 1 2 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RUSSELL LEE EBERSOLE, ) | |
| ) | |
| Defendant, ) | 1:03cr112 (LMB) |
| ) | |
| and ) | |
| ) | |
| BRIDGET KLINE-PERRY, ) | |
| ) | |
| Garnishee. ) | |

## MEMORANDUM OPINION

Before the Court is a motion by the law firm Thomas H. Roberts and Associates, P.C. ("Roberts & Associates") to intervene and quash a writ of garnishment that the United States seeks to enforce against a judgment the law firm obtained for Russell Lee Ebersole ("Ebersole") [Dkt. No. 259]. For the reasons discussed in open court and in this Memorandum Opinion, the motion will be granted in part and denied in part.

## I. BACKGROUND

Ebersole was convicted on June 20, 2003 of 26 counts of wire fraud in violation of 18 U.S.C. § 1341. In addition to his 63-month prison sentence he was ordered to pay restitution of $708,458.79. The United States perfected a lien on that amount

by filing notice in Washington and Frederick Counties in Maryland in September 2003. Resp. to Mot. to Intervene and Opp. to Mot. to Quash Garnishment ("Opp."), at 1-2. The latest figure for Ebersole's net outstanding balance was $690,858.78 as of May 30, 2012. Id. at 2.

On July 25, 2012, Ebersole prevailed against Bridget Kline-Perry in a civil case for defamation and conspiracy to harm a business. See Ebersole v. Kline-Perry, No. 1:12cv26 (E.D. Va. Sept. 26, 2012). Roberts & Associates represented him in that litigation. Ebersole won $30,000 in actual compensatory damages and $15,000 in punitive damages (after remittitur). Id. Because the conspiracy cause of action provides for attorneys' fees to the prevailing party, Roberts & Associates requested $138,083.10 in attorneys' fees and costs; however, Judge Cacheris, the trial judge, only awarded $79,786.42 in attorneys' fees and costs after determining that the lower amount reflected a "reasonable fee" under Virginia Code § 18.2-500(a).

In a 49-page opinion, Judge Cacheris analyzed and applied the twelve "Johnson/Kimbrell"[1] factors to decide what would constitute a "reasonable" number of hours and hourly rate. He then considered whether to reduce the resulting "lodestar figure" by any fees incurred for unsuccessful claims that were

---

[1] See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009).

2

unrelated to successful claims. Although plaintiff pursued three claims and the only claim for which there was statutory authority to award attorney fees was the business conspiracy claim, the Court nevertheless found that "no further reduction [for unsuccessful, unrelated claims] is necessary because in this case all of Plaintiff's claims arose from a 'common core of facts,'" and despite being "legally distinct causes of action, each was an attempt to produce the desired outcome of addressing the resulting harm from this common nucleus of facts." Kline-Perry, No. 1:12cv26 at *42-43. Judge Cacheris further reduced the total award to account for the plaintiff's partial success, citing Ebersole's failure to prevail on his tortious interference with contract claim and the fact that the jury awarded him substantially fewer damages than those sought. He also observed that the attorneys' fees were twice the amount of the total damages awarded to Ebersole. Id. at *44-45.

On October 11, 2012, the government filed an application for a Writ of Continuing Garnishment as to Ebersole's judgment against Kline-Perry based upon the outstanding balance owed on the criminal restitution judgment entered against Ebersole. Roberts & Associates seeks to intervene and quash the writ of garnishment, asserting that it holds an attorney's lien on the entire judgment based on Ebersole's contractual obligation to the law firm, which it estimates as $125,699.93. It further

3

argues that the government's writ impairs that security interest. The government argues that there are two liens that attach to the total judgment against Kline-Perry, and that although Roberts & Associates has a lien with priority over the $79,786.42 in costs and attorneys' fees that Judge Cacheris deemed "reasonable," the government has a restitution lien with priority over the $45,000 in compensatory and punitive damages.[2]

## II. DISCUSSION

It is undisputed that the priority of a federal lien based on an order of restitution is determined by the principle of "first-in-time, first-in-right," and that in this case, the government's lien was the first lien filed. Opp. at 4-5; Reply of Thomas H. Roberts and Associates, P.C., to the United States' Opp. to Mot. to Quash Writ of Garnishment ("Reply"), at 11. The legal question before the Court is the applicability of one exception to that general rule, which gives "superpriority" status to an attorney's lien "to the extent of [the attorney's] reasonable compensation for obtaining such judgment." 26 U.S.C.

---

[2] The government did not object to Kline-Perry's insurance company remitting $10,453.69 directly to Roberts & Associates in partial satisfaction of her obligation to the law firm. See November 21, 2012 Order [Dkt. No. 270] (denying Virginia Farm Bureau Mutual Insurance Company's motion to intervene and interplead funds and ordering instead that it remit insurance proceeds directly to Roberts & Associates). The remittance of the insurance proceeds decreases the $79,786.42 in attorney's fees and costs to $69,332.73, rather than affecting the $45,000 in compensatory and punitive damages over which the government claims priority.

4

§ 6323(b)(8).[3] Under applicable federal regulations, the term "reasonable compensation" in that statute "means the amount customarily allowed under local law for an attorney's services for litigating or settling a similar case or administrative claim," and is "determined on the basis of the facts and circumstances of each individual case." 26 C.F.R. § 301.6323(b)-1(h)(1).

The government concedes that the exception in § 6323(b)(8) grants Roberts & Associates superpriority over the $79,786.42 that Kline-Perry was ordered to pay in attorney's fees and costs, but argues that the exception does not apply to any fees and costs over that amount – including those equal to the $45,000 that Kline-Perry was ordered to pay in compensatory and punitive damages – because Judge Cacheris expressly excluded them from his determination of "reasonable" compensation

---

[3] The full text of the statutory exception reads as follows:

> Attorneys' liens.--With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, <u>to the extent of his reasonable compensation for obtaining such judgment</u> or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.

26 U.S.C. § 6323(b)(8) (emphasis added).

attributable to obtaining the judgment. As the government argues, the rationale behind the statutory exception was not to protect attorneys' fee contracts, but rather was to maximize tax collection by encouraging attorneys to bring suits from which the Treasury might benefit, secure in the knowledge that they could recover reasonable fees from the resulting judgment before the IRS could collect the remainder of the award. See Opp. at 6; see also Montavon v. United States, 864 F. Supp. 519, 523 (E.D. Va. 1994).

Roberts & Associates contends that Judge Cacheris determined the reasonable attorney fees in the context of balancing equities between the parties and "reimburs[ing]" Ebersole solely for his success for the conspiracy to harm a business claim, and that the decision "merely sets the floor for the total compensation Mr. Ebersole should reasonably pay" his attorneys for litigating his claims. Reply at 4. Specifically, Roberts & Associates argues that the federal regulation's definition of reasonable compensation as "the amount customarily allowed under local law for an attorney's services" differs from the result of Judge Cacheris's twelve-factor analysis and various reductions to the fee award, and that under Virginia law, if there is a valid and enforceable contract for attorney's fees - which the government does not contest - then the full contractual amount would be the "amount

customarily allowed under local law," and thus the amount covered by the exception in § 6323(b)(8). Id. at 6-8. The law firm adds that unspecified fees for its post-trial work defending Ebersole's punitive damages award on the defamation claim were neither requested of, nor awarded by, Judge Cacheris but should nevertheless be taken into account in coming up with a "reasonable" fee. Id. at 5.

The law firm's arguments are unpersuasive given Judge Cacheris's thorough analysis of the entire litigation and thoughtful explanation of the reasons for finding that a lesser amount of attorneys' fees was reasonable. In particular, Judge Cacheris excluded fees for hours that were excessive or redundant in light of his judicial experience with attorney practices in the region, finding that the law firm's use of "block billing" "prevents the court from assessing the amount and reasonableness of the time spent." See Kline-Perry, No. 1:12cv26 at *13-14. He also made adjustments for four individual blocks of hours that he considered particularly excessive in light of the specific tasks that they represented, see id. at **16-19 & 23, decreased an associate lawyer's hourly rate from $250 to $200 because he had only two years of experience, lacked any jury trial experience, and charged a rate higher than prevailing rates in the region for associates, see id. at *38, and reduced the award by 10% based on the "partial

7

success" of the litigation, see id. at *45. Such a case-specific finding as to the "reasonable" fees and costs involved in the litigation is consonant with the federal regulation's exhortation to examine "the facts and circumstances of each individual case," and ought to trump any general idea that a law firm's fees and costs are reasonable up to the amount specified in a contract with a client. 26 C.F.R. § 301.6323(b)-1(h)(1).

In addition, although neither party invokes case law that squarely addresses the issue of whether one district judge's analysis and award of "reasonable" attorney fees fixes the amount of "reasonable" fees that are entitled to superpriority under § 6323(b)(8), dicta in one recent district court case supports the government's position and this Court's view about the propriety of one district judge being asked essentially to review the decision of a colleague. In <u>Dunn & Black, P.S. v. United States</u>, 366 F. Supp. 2d 1008, 1028 (E.D. Wash. 2005), <u>vacated and remanded on other grounds</u>, 492 F.3d 1084 (9th Cir. 2007) (citations omitted), the court discussed the origins of § 6323(b)(8), and took for granted that "reasonable compensation" under the statute could be reached by the same type of analysis undertaken by Judge Cacheris:

> This provision protects the attorney to the extent of a reasonable fee, as long as it is protected by local law, for efforts in obtaining and collecting the judgment or amount. Reasonable compensation is

defined as the amount customarily allowed under local law for such attorney's services for litigating or settling a similar case or administrative claim. § 301.63232(b)-1(h). This is determined by the circumstances in each case. It may be established by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the legal activity. In appropriate cases, the courts may adjust the lodestar figure according to the twelve (12) factors identified in the <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67 (9th Cir. 1975), . . . case.

Lastly, although Judge Ellis dealt with a different part of the statute in his <u>Montavon</u> decision, his distillation of the intent of Congress in enacting § 6323(b)(8) further justifies awarding a "superpriority" only to the part of Roberts & Associates' fee petition that has been adjudged "reasonable," for as Judge Ellis concluded: "Simply put, Congress recognized that part of something is better than all of nothing." <u>Montavon</u>, 864 F. Supp. at 523.

### III. CONCLUSION

For the above-stated reasons, as well as those stated in open court, Roberts & Associates' motion will be granted to the extent that it seeks to intervene and denied to the extent that it asserts priority over the government's restitution lien with regard to the $45,000 in compensatory and punitive damages.

An appropriate Order will issue.

Entered this 12th day of December, 2012.

Alexandria, Virginia

/s/ LMB

Leonie M. Brinkema
United States District Judge

9